## BRUNER et al. v. WOLFE et al.

No. 11481—Opinion Filed June 16, 1925.

**Indians—Creek Allotments — "Selection" as Inception of Title—Inheritance — Perfection by Patent.**

Under the Original and Supplemental Agreements (31 Stat. 861 and 32 Stat. 500), the formal application filed with the Commission to the Five Civilized Tribes, wherein a member of the Creek Tribe of Indians designated the land he desired as his allotment, constituted a selection of said allotment, which was the inception of his title thereto, vesting an equitable interest therein, and, subject to restrictions imposed, the same could be inherited; such inheritance becoming entirely effective upon the issuance, thereafter, of the allotment certificate and the patent, which became effective by relation as of the date of selection.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court Creek County; Lucien B. Wright, Judge.

Action by the brothers and sisters of Alice Millet, a Creek citizen, to recover a portion of the allotment of the said Alice Millet as her heirs. Judgment for defendants in error. Plaintiff in error appeals. Affirmed.

F. F. Betzer and Lafayette Walker, for plaintiffs in error.

John R. Ramsey, B. W. Griffith, Sol H. Kauffman, Thrift & Davenport, and C. B. Ames, for defendants in error.

Opinion by THOMPSON, C. This action was commenced by the brothers and sisters

of Alice Millet who was a duly enrolled Creek citizen of the Creek Tribe of Indians, who died in 1906, intestate and without issue, and who left surviving her, her mother and certain brothers and sisters and their representatives and a father, who was a noncitizen of the Creek Nation. After the death of Alice Millet, her legally appointed administrator, on the 24th day of September. 1907, appeared before the Commission of the Five Civilized Tribes and made a formal application for her allotment of lands due her as a duly enrolled citizen of the Creek Tribe of Indians. On June 24, 1908, after statehood and after the nine months' period for contesting the rights of Alice Millet to said land had expired, a certificate of allotment was issued in the name of Alice Millet, and on March 10, 1909, an allotment deed was issued in her name, which included the lands in controversy. The question to be determined here is whether the rights of the heirs of Alice Millet began from the time of the formal selection of the allotment under the Arkansas laws in eixstence on the date of such application on September 24, 1907, or under the laws of descent and distribution of the state of Oklahoma, which were in force on the 24th day of June, 1908, the date the certificate of allotment was issued. If the Arkansas laws were in force the Indian allotment goes by inheritance to her citizen Creek mother. If the Oklahoma statutes, in force at the time of the issuance of the certificate obtains, the allotment was inherited jointly by her mother and brothers and sisters.

This court, in an opinion by Commissioner Jarman, on the 9th day of June, A. D., 1925, in the case of Lizzie Millet et al. v. Russell L. Bilby et al., No. 12395, 110 Okla. 241, that as to the portion of the allotment of Alice Millet designated as her homestead selected at the same time and under the same conditions as her surplus allotment. part of which is involved here, that the descent was cast on the 24th day of September, 1907, the date her administrator made the formal application for the allotment. The case, above referred to, involves the same facts and the same legal principles except that the defendants in that case were different from the defendants here and the judgment of the trial court was the same as the judgment of the trial court in this case, which was affirmed by this court, and it, therefore, follows that the judgment of the trial court in this case must be affirmed, for the same reasons and under the same authorities, cited and referred to in that case, and the opinion and the syllabus in that case are adopted as the syllabus and opinion in this case and the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 510.